## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| **THE BAMA COMPANIES, INC.,** | |
| **Plaintiff,** | |
| **v.** | **Case No. 18-CV-045-JFH-JFJ** |
| **STAHLBUSH ISLAND FARMS, INC.,** | |
| **Defendant.** | |

## OPINION AND ORDER

This matter comes before the Court on a partial motion for summary judgment ("Motion") [Dkt. No. 128] filed by Plaintiff, The Bama Companies, Inc. ("Bama"). Bama seeks a ruling on its breach of contract and breach of warranty claims against Defendant Stahlbush Island Farms, Inc. ("Stahlbush"), regarding fruit grown by Stahlbush and sold to Bama for processing into pies. *Id.* For the reasons set forth herein, the Motion is DENIED.

## STANDARD

"Summary judgment is appropriate if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." *Jones v. Kodak Med. Assistance Plan*, 169 F.3d 1287, 1291 (10th Cir. 1999); Fed. R. Civ. P. 56(a). "A dispute is genuine when the evidence is such that a reasonable jury could return a verdict for the nonmoving party, and a fact is material when it might affect the outcome of the suit under the governing substantive law." *Bird v. W. Valley City*, 832 F.3d 1188, 1199 (10th Cir. 2016). Only material factual disputes preclude the entry of summary judgment. *Atl. Richfield Co. v. Farm Credit Bank of Wichita*, 226 F.3d 1138, 1148 (10th Cir. 2000).

The movant bears the initial burden to demonstrate the absence of a genuine issue of material fact and its entitlement to judgment as a matter of law. *Adler v. Wal-Mart Stores, Inc.*, 144 F.3d 664, 670-71 (10th Cir. 1998). If the movant carries this initial burden, "the burden shifts to the nonmovant to go beyond the pleadings and set forth specific facts that would be admissible in evidence in the event of a trial from which a rational trier of fact could find for the nonmovant." *Id.* at 671. If the nonmovant demonstrates a genuine dispute as to material facts, the Court views the facts in the light most favorable to him. *Ricci v. DeStefano*, 557 U.S. 557, 586 (2009). However, a failure of proof "concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986).

## PROCEDURAL BACKGROUND

This case arises from a dispute over whether Stahlbush berries used by Bama in frozen pies it produced were contaminated with stones. Dkt. No. 7. In March 2017, Bama discovered that some pies it produced using Stahlbush berries contained stones. Dkt. No. 128 at ¶ 3. On December 27, 2017, Bama filed suit alleging that the Stahlbush berries were the source of the contamination. Dkt. No. 2-1 at 4-6. Bama asserted claims against Stahlbush for breach of contract and breach of warranty. Dkt. No. 2-1 at 4-6. Stahlbush removed the case on January 18, 2018. Dkt. No. 2. Bama amended its complaint to add a negligence claim on January 23, 2018. Dkt. No. 7.

On August 25, 2020, Stahlbush moved for summary judgment on Bama's claims against it, and that motion was granted in part. This Court granted summary judgment to Stahlbush as to (1) Bama's negligence claim and (2) Bama's breach of warranty claim insofar as it is based on a warranty that Stahlbush's black raspberries would be fit for human consumption at the time of sale from Stahlbush to Bama; the Court permitted Bama to move forward with its breach of contract

2

and breach of warranty claims insofar as those claims are based on (1) an express warranty that the raspberries would be free of stones or (2) an implied warranty of merchantability.  Dkt. No. 73 at 15.  As part of its Order, the Court expressly held that the parties' contract included an express warranty from Stahlbush to Bama that the black raspberries would be "free from …stones" and that this language would be given its plain meaning by the Court, *i.e.* that Stahlbush warranted that there would be no stones whatsoever in the shipment of black raspberries.  *Id*. at 14.

Plaintiff has now moved for partial summary judgment on its claim that Stahlbush breached the parties' contract by supplying black raspberries to Bama that included stones.  Dkt. No. 128.

## UNDISPUTED MATERIAL FACTS

The following facts are drawn from the parties' briefing on Plaintiff's Motion, and the Court construes all facts in the light most favorable to Defendant, the nonmovant.

The parties entered into a contract whereby Stahlbush would provide black raspberries to Bama for use in a mixed berry pie that Bama planned to manufacture.[1]  Dkt. No. 128 at ¶ 1.  In the parties' contract, Stahlbush warranted that the black raspberries would be "free from …stones." *Id*. at ¶ 2.  Stones were thereafter discovered in the pies manufactured by Bama using the black raspberries.  *Id*. at ¶ 3.

In subsequent communications regarding the origin of the stones, Bama's counsel asked Stahlbush's counsel: "Has a root cause been determined, and if not, how soon could we expect to know?"  *Id*. at ¶ 4.  When presented with this question, Stahlbush's Quality Assurance Manager, Ms. Jensen, responded: "[t]he root cause has been determined as rocks present in raw 2016 black

---

[1] Defendant has not responded directly to Plaintiff's Statement of Facts but has, instead, put forth its own Statement of Undisputed Material Facts.  The Court treats Plaintiff's Statement of Facts as undisputed, except where Defendant's statement of facts directly contradicts a fact asserted in Plaintiff's Motion.

raspberry product, first run co-packed at Willamette Valley Fruit." *Id*. at ¶ 4.  Bama's counsel also asked: "Was the process followed for the black raspberries as well as for the blue berries; has the issue been tied to the raspberries or the blue berries, or both?" *Id*. at ¶ 4.  Ms. Jensen responded to this question as follows: "[b]oth berry production records have been investigated.  Black Raspberries have been determined as the source of the stones."  Dkt. No. 128 at ¶ 5.  Stahlbush, while not contesting that these statements were made, argues that these statements are presented out of context, were made without the benefit of future investigation, and do not reflect Stahlbush's position in this litigation.  Dkt. No. 131 at ¶¶ 18-26.

Stahlbush's expert, Siobhan Reilly, testified that the stones found in Bama's pies could have come from: (1) Stahlbush, (2) unintentional introduction at Bama, or (3) intentional introduction at Bama, and she testified that she had found no evidence that the stones had been introduced by Bama.  *Id*. at ¶ 6.  Reilly also testified that she had no reason to doubt Ms. Jensen's conclusion that Stahlbush was the source of the stones found in Bama's finished products.  *Id*. at ¶ 9.  Defendant avers that Reilly's ultimate opinion in this matter is that the stones could have come from Stahlbush or from Bama and that either source was viable.

## AUTHORITY AND ANALYSIS

### I.       The Court will not revisit its interpretation of the contract.

Defendant spends much of its Response brief attempting to relitigate the issue of whether Defendant's representation that its berries would be "free from…stones" does, in fact, constitute a warranty that there would be no stones in its berries.  Dkt. No. 131 at 6-10.  This was wasted effort.  The parties have already litigated this precise issue in the summary judgment briefing concerning Defendant's Motion for Summary Judgment.  See Dkt. No. 73, 76, 79.  This Court has already held, unequivocally, that the contractual language at issue is unambiguous, is to be given its plain

meaning, and does not create an "absurdity."  Dkt. No. 124 at 14-15.  The Court's holding is the law of this case, and it will not be revisited.

### II.     Summary judgment will not be granted, as there is a genuine dispute of fact regarding the source of the stones.

In support of its summary judgment motion, Plaintiff relies entirely upon statements of Stahlbush's former Quality Assurance Analyst, Ms. Jensen, and of Stahlbush's expert witness, Ms. Reilly.  Dkt. No. 128 at ¶¶ 4-9.  Plaintiff's evidence may be quite convincing, but it is insufficient for summary judgment purposes.

Defendant is not bound in this litigation by the prior statements of its employee, Ms. Jensen; her statements represent mere "evidentiary admissions" and they are not binding in any legal sense; such evidentiary admissions "can be controverted or explained by a party." *Asarco, LLC v. Noranda Mining, Inc.*, 844 F.3d 1201, 1212 fn.3 (10th Cir. 2017).  Defendant has made efforts to explain and place into context Ms. Jensen's statements, and Jensen's statements clearly do not represent Stahlbush's, or Jensen's, current position in this litigation.  This Court cannot declare that Stahlbush's current position is not credible and grant summary judgment based on Jensen's prior statements: "[c]redibility determinations, the weighing of the evidence, and the drawing of legitimate inferences from the facts are jury functions, not those of a judge." *Anderson v. Liberty Lobby*, 477 U.S. 242, 255 (1986).

The same can be said of the statements of Stahlbush's expert witness, Ms. Reilly; while some of Reilly's testimony may have been helpful for Plaintiff's case, her statements – especially in the context of other parts of her testimony that Defendant points to – do not conclusively demonstrate that Stahlbush was the source of the stones.

The Court simply cannot determine on the strength of Plaintiff's evidence that there is no genuine dispute of material fact concerning the source of the stones in Plaintiff's pies. Accordingly, summary judgment is not appropriate.

## CONCLUSION

IT IS THEREFORE ORDERED that the motion for summary judgment [Dkt. No. 128] filed by Plaintiff, The Bama Companies, Inc., is DENIED.

Dated this 17th day of July 2025.

_____
JOHN F. HEIL, III
UNITED STATES DISTRICT JUDGE