IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| THE BAMA COMPANIES, INC., <br><br> **Plaintiff,** <br><br> v. <br><br> STAHLBUSH ISLAND FARMS, INC., <br><br> **Defendant.** | Case No. 18-CV-045-JFH-JFJ |

### OPINION AND ORDER

This matter comes before the Court on the Motion in Limine [Dkt. No. 82], filed by Defendant Stahlbush Island Farms, Inc. ("Stahlbush").

Defendant seeks to exclude from the trial of this matter any evidence or testimony regarding: (1) Defendant's insurance investigation notes, liability evaluations, and coverage questions; (2) discovery issues relating to a non-party insurer; (3) argument that Defendant failed to follow Plaintiff's barcoding procedures; and (4) certain communications from Defendant's general counsel. As explained in further detail below, Defendant's Motion in Limine will be granted in part and denied in part.

### ANALYSIS

#### I. Standard of review; law applicable.

"The purpose of a motion in limine is to aid the trial process by enabling the Court to rule in advance of trial on the relevance of certain forecasted evidence, as to the issues that are definitely set for trial, without lengthy argument at, or interruption of, the trial." *Mendelsohn v. Sprint/United Management Co.*, 587 F.Supp.2d 1201, 1208 (D. Kan. 2008) *aff'd,* 402 Fed.App'x 337 (10th Cir. 2010) (quotation and citation omitted). In many instances, evidentiary rulings should be deferred until trial so that questions of foundation, relevancy and potential prejudice may be resolved in the

proper context. *Id.* A court will generally not grant a motion *in limine* unless the moving party meets its burden of showing that the evidence in question is clearly inadmissible on *all* potential grounds." *Tulsa Zoo Management, Inc. v. Peckham Guyton Albers & Viets, Inc.*, No. 17-CV-644, 2019 WL 1562147, at *1 (N.D. Okla. Mar. 5, 2019) (citation and quotation omitted).

**II. Evidence of Defendant's insurer's claim file, and any admissions therein, are relevant and admissible.**

Relying upon Fed. R. Evid. 411 and 403, Defendant argues that "evidence of an investigation or liability evaluations" by any of Defendant's insurers should be excluded from evidence at trial. Dkt. No. 82 at 2-4. Plaintiff argues that admissions and similar statements made by Defendant to its insurers, and contained within the insurance claim file, are admissible and, thus, it would be inappropriate to exclude from evidence any evidence pertaining to the insurer and its claim files. Dkt. No. 86 at 5-6. Plaintiff also argues that Defendant's own affirmative defenses, and the provisions of the parties' contract, renders Defendant's insurance coverage relevant and admissible. *Id*. at 6-7.

Rule 411 of the Federal Rules of Evidence provides:

> Evidence that a person was or was not insured against liability is not admissible to prove whether the person acted negligently or otherwise wrongfully. But the court may admit this evidence for another purpose, such as proving a witness's bias or prejudice or proving agency, ownership, or control.

Plaintiff has persuasively argued that it does not seek to introduce evidence of Defendant's liability insurance as proof that Defendant acted wrongfully.

The Court is in accord with Plaintiff that the parties' contract renders Defendant's insurance coverage relevant in this case; specifically, one of the contractual provisions provides as follows, concerning damages:

>DAMAGES – Notwithstanding any other provision of this agreement, Seller's liability to Buyer for damages arising out of or relating to this agreement shall not exceed the amount of insurance coverage, for insured claims, or the purchase price for the product(s), for claims that are not insured. <u>Seller shall not be liable for incidental or consequential damages or loss of profits except to the extent the damage or loss is covered by insurance</u>.

The parties' contract thus makes Defendant's insurance coverage relevant to the issue of Defendant's liability for incidental or consequential damages. This provision is especially relevant given that Defendant has asserted that Plaintiff has waived "all incidental and consequential damages." Dkt. No. 13 at 2. Given these contractual provisions, Defendant's insurance coverage is thus relevant to fundamental issues pertaining to contractual damages, and it would be inappropriate for this Court to preclude such evidence under Fed. R. Evid. 411.

Further, Plaintiff alleges that Defendant made admissions to its insurers regarding the contamination of its product. Dkt. No. 86 at 7. Such statements constitute admissible evidence and should not be excluded merely because such statements are contained within the files of an insurer. *See Eastland Mortgage Co. v. Verex Assurance, Inc.*, 797 F.2d 858 (10th Cir. 1952). Evidence of liability coverage is not admissible, per se, to demonstrate wrongful conduct, but relevant, admissible evidence is not rendered inadmissible merely because it somehow touches upon a party's insurance coverage. Plaintiff has made clear that there are legitimate purposes for admission of some evidence pertaining to Defendant's insurance coverage in this case, and Defendant's motion in limine is denied accordingly.

### III. Evidence pertaining to Liberty's alleged delayed discovery production should be excluded.

Defendant moves to exclude evidence or testimony regarding Plaintiff's efforts to obtain discovery documents from Liberty, an insurer of Defendant and non-party in this case. Dkt. No. 82 at 5. Plaintiff states that Liberty initially claimed to have no relevant documents and, only after Plaintiff obtained a Court Order, did Liberty disclose its claims file in this case, which allegedly

contained admissions of liability from Defendant. Dkt. No. 86 at 7. Plaintiff asserts without much justification that the jury should be permitted to consider the fact that Liberty initially claimed to have no documents before turning over the allegedly incriminating files. Dkt. No. 86 at 7.

Though not exactly spelled out, Plaintiff's theory of relevance seems to be that the jury should be permitted to hear evidence that Liberty initially attempted to obstruct the discovery process and hide evidence that was damaging to Stahlbush. Plaintiff thus hopes to have Liberty's alleged inappropriate discovery conduct reflect back upon Stahlbush, but Plaintiff has given this Court no basis for attributing non-party Liberty's conduct to Defendant. As such, any inference a jury could make regarding Liberty's conduct would be far more prejudicial to Stahlbush than it would be probative of any fact at issue. Fed. R. Evid. 403. Defendant's Motion in Limine is granted with respect to any testimony or evidence concerning Liberty's alleged impropriety during the discovery process.

### IV. Evidence regarding Plaintiff's bar coding procedures will not be excluded.

Defendant argues that evidence or testimony regarding bar coding procedures set forth in Plaintiff's supplier manual should be excluded. Dkt. No. 82 at 5-7. Issues regarding Plaintiff's bar coding procedures, and Defendant's noncompliance with those procedures, arose as the parties attempted to trace the berries at issue as they investigated the sources of the rocks that wound up in Plaintiff's pies. *Id.*; Dkt. No. 82 at 8. Defendant seeks to argue that Plaintiff failed to timely provide "lot code information" to Defendant in the course of the parties' investigation in this case, and, in defense of its efforts to provide this "lot code information" Plaintiff has asserted that Defendant did not properly follow the Plaintiff's bar coding procedure, thus impeding Plaintiff's efforts to track products and provide the requested "lot code information." *Id.*

In moving to exclude such evidence, Defendant argues that the bar coding evidence would be irrelevant and unfairly prejudicial because Plaintiff allegedly never properly informed Defendant about this requirement and had never previously required Defendant to comply with this bar coding requirement. Defendant's motion will be denied. Evidence and testimony regarding Plaintiff's bar coding requirements for its suppliers is relevant and not unfairly prejudicial, particularly if Plaintiff's compliance with Defendant's "lot code information" requests becomes an issue at trial.

The record is wholly inadequate for this Court to find that Plaintiff did not properly convey these requirements to Defendant, and the fact that Plaintiff had never previously had occasion to specifically discuss this bar coding procedure with Defendant is irrelevant. All of the issues raised in Defendant's Motion – how effectively Plaintiff actually communicated the bar coding requirement, the importance of Plaintiff's bar coding to tracking the materials, and whether Defendant substantially complied with the requirement – are all fact issues that may be properly brought to the jury.

### V.     Evidence that Stahlbush changed its position and requested that counsel be involved in communications may be admissible and will not be excluded at this time.

Lastly, Defendant moves the Court to exclude from evidence that, at some point in the parties' communications, counsel for Defendant, Ben Fetherston, notified Bama's general counsel that all communications should be directed to him going forward. Dkt. No. 82 at 7-8; Dkt. No. 86-10. Defendant asserts that this communication from its counsel is irrelevant. Plaintiff argues that, prior to Defendant learning that it had allowed its insurance coverage to lapse, Defendant had been openly and freely communicating with Plaintiff and had even freely admitted liability, but that, after learning that its insurance coverage had lapsed, Defendant changed its stance toward Plaintiff.

Dkt. No. 86 at 8. Mr. Fetherston's request is evidence of Defendant's changed stance, Plaintiff argues.

Subject to Plaintiff laying the appropriate foundation, Mr. Fetherston's communication could be relevant. If the evidence supports that Fetherston's request was a consequence of Defendant learning that its insurance coverage had lapsed, then the timing and content of Fetherston's communication (and Defendant's change in approach more broadly) could be evidence that Defendant's newfound arms-length approach with Plaintiff was not motivated by a genuine dispute as to the source of the contamination in Plaintiff's pies. Thus, this is potential evidence that may tend to discredit Defendant's subsequent denials of liability and provide motive for Defendant's alleged change in attitude toward Plaintiff. However, the Court directs that, prior to seeking to admit evidence or testimony regarding Mr. Fetherston's communication, Plaintiff approach the Court so that it can be established, outside of the presence of the jury, whether a proper foundation for such evidence has been laid.

## CONCLUSION

IT IS THEREFORE ORDERED that Defendant's Motion in Limine [Dkt. No. 82] is GRANTED in part and DENIED in part as follows: (1) evidence concerning insurance coverage and related insurance investigations will not be excluded unless offered for no purpose other than to prove that Defendant acted wrongfully; (2) evidence pertaining to alleged discovery impropriety on the part of non-party Liberty will be excluded; (3) evidence regarding Plaintiff's bar coding procedures will not be excluded; and (4) evidence regarding communications from Defendant's counsel to Plaintiff will not be excluded at this time.

Dated this 29th day of September 2025.

_____
JOHN F. HEIL, III
UNITED STATES DISTRICT JUDGE