IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| THE BAMA COMPANIES, INC., | |
| Plaintiff, | |
| v. | Case No. 18-CV-045-JFH-JFJ |
| STAHLBUSH ISLAND FARMS, INC., | |
| Defendant. | |

## OPINION AND ORDER

This matter comes before the Court on the Motion in Limine [Dkt. No. 105] filed by Defendant Stahlbush Island Farms, Inc. ("Defendant"). Plaintiff The Bama Companies, Inc. ("Plaintiff") filed a response in opposition to Defendant's Motion. Dkt. No. 112. This matter is now ripe for consideration.

Defendant seeks to exclude the opinions of Plaintiff's expert, Mr. Steve Rutherford, a licensed CPA, who authored a report for Plaintiff regarding the validity of Plaintiff's damages claims. Dkt. No. 105. Specifically, Defendant argues that Mr. Rutherford's testimony should be excluded because (1) Plaintiff has failed to demonstrate that Mr. Rutherford is qualified to opine regarding the valuation of damages in a civil case, and (2) Mr. Rutherford's opinions "consist largely of bare conclusions that vouch for Plaintiff's expertise as a supplier." *Id.* at 1.

## ANALYSIS

Federal Rule of Evidence 702 permits a qualified expert witness to testify and render an opinion when:

(a) The expert's scientific, technical, or other specialized knowledge will help the trier of fact to understand the evidence or to determine a fact in issue;
(b) The testimony is based on sufficient facts or data;
(c) The testimony is the product of reliable principles and methods; and
(d) The expert has reliably applied the principles and methods to the facts of the case.

Fed. R. Evid. 702. "When an objection to an expert's testimony is raised, the court must perform *Daubert* gatekeeper duties before the jury is permitted to hear the evidence." *Bright v. Ohio Nat'l Life Assur. Corp.*, No. 11-CV-475, 2013 WL 12327512, at *1 (N.D. Okla. Jan. 9, 2013) (citing *Daubert v. Merrell Dow Pharmaceuticals, Inc.*, 509 U.S. 579, 589 (1993); *Kumho Tire Co. v. Carmichael,* 526 U.S. 137, 149 (1999)).

"First, the Court determines whether the expert is qualified by knowledge, skill, experience, training or education to render the opinion." *Lippe v. Howard*. 287 F.Supp.3d 1271, 1277-78 (W.D. Okla. 2018). "If so qualified, the Court must then determine whether the expert's opinion is reliable and relevant under the principles set forth in *Daubert* and *Kumho Tire*, in that it will assist the trier of fact." *Id.* at 1278. The party offering the expert testimony has the burden to prove that the expert is qualified and that his opinions are based in sound methodology and sufficient facts. *Dodge v. Cotter Corp.*, 328 F.3d 1212, 1222 (10th Cir. 2003).

The tests and factors set forth in *Daubert* and *Dodge* are often more easily applied to scientific evidence, as opposed to accountancy principles, such as those used in the calculation of damages, which generally involve some element of professional judgment. *See e.g., Sharp v. Chase Manhattan Bank USA, N.A.* (*In re Commer. Fin. Servs.*), 350 B.R. 520, 528 (Bankr. N.D. Okla. Sep. 14, 2005). However, even in non-scientific disciplines, the expert must still employ a methodology recognized in the profession or by the court and must "identify the source of the facts and data underlying the opinion (demonstrating a connection of the opinion to the facts of the case)." *Id*. at 528-29 (citing *Dodge*, 328 F.3d at 1222-23); *see also General Elec. Co. v. Joiner*, 522 U.S. 136, 146 (1997) ("[N]othing in either *Daubert* or the Federal Rules of Evidence requires a district court to admit opinion evidence which is connected to existing data only by the *ipse dixit* of the expert.").

I.  **QUALIFICATION AS AN EXPERT**

First, the Court must determine whether Mr. Rutherford is qualified by "knowledge, skill, experience, training, or education" to render an opinion as an expert. Fed. R. Evid. 702. According to the expert report, Mr. Rutherford is a Certified Public Accountant and has served as the sole shareholder and president of his own accounting firm for nearly thirty-three (33) years. Dkt. No. 105-1 at 4. Additionally, he has "provided expert advice and testimony in multiple and a wide range of personal and business legal matters" for approximately thirty-six (36) years and has been appointed as a bankruptcy trustee on eight (8) occasions. *Id*. He also notes specific experience with valuing, advising, and operating manufacturing companies. *Id*. Despite Defendant's concerns regarding a lack of previous experience as an expert witness, the Court is satisfied that Mr. Rutherford's experience qualifies him to render an opinion as to damages calculations in this case.

II. **RELEVANCE AND RELIABILITY OF OPINIONS**

The Court must now determine whether Mr. Rutherford's opinions are reliable and relevant under the principles set forth in *Daubert* and *Kumho Tire*. In Mr. Rutherford's report, he concludes that the damages set forth by Plaintiff are "a reasonable estimate of the damages" and further notes that he has "no reasons to doubt the accuracy nor the comprehensiveness of methods and calculations" set forth by Plaintiff. Dkt. No. 105-1 at 5. He notes that Plaintiff "has been doing business with McDonald's for approximately three decades" and that "it seems to reason that from a discerning eye, someone in the business profession would have to think [they] know what they are doing (much experience) when it comes to pricing out the costs associated with making pies for McDonald's." *Id*. at 6. Mr. Rutherford further reasons that "such a long-term mutually beneficial relationship would have been terminated, had [Plaintiff] been devoid in their costing

amounts." *Id*. In other words, rather than applying methodologies and performing calculations himself, Mr. Rutherford simply assumes that the methodologies applied and calculations performed by Plaintiff must be right due to Plaintiff's previous experience and existing business relationship with McDonald's.

Mr. Rutherford's opinions are plainly not based in sound methodology, nor do his opinions demonstrate a connection of the opinions to the facts of the case. Mr. Rutherford's opinions consist mainly of assumptions with no evidentiary support. While an expert may apply assumptions, "assumptions must have some reasonable evidentiary foundation." *In re Com. Fin. Servs., Inc.*, 350 B.R. at 528–29 (internal citations omitted). Further, although Mr. Rutherford is entitled to some element of professional judgment in forming his opinion, he must still explain how he reached his opinion based in recognized methodology and by application of the facts. Because Mr. Rutherford's opinions fail to do so, the Court agrees with Defendant and finds that Mr. Rutherford's opinions are not reliable and relevant.

For similar reasons, the Court finds that Mr. Rutherford's opinions regarding overhead costs are also not reliable or relevant. Again, rather than applying methodologies and performing calculations, Mr. Rutherford opines that calculations prepared by Plaintiff are "very detailed, concise and organized" and notes that due to Plaintiff's previous experience and existing business relationship with McDonald's, "any deficiencies or irregularities would have been exposed and corrected at the time the job in question had come to fruition." Dkt. No. 105-1 at 6. While he seems to offer general principles regarding overhead costs, such as rent, Mr. Rutherford's opinions do not apply the specific facts of the case to a particular methodology and, therefore, do not provide sufficient support for the opinions he offers.

For the above stated reasons, the Court finds that Mr. Rutherford's opinions are not reliable and relevant under the principles set forth in *Daubert* and *Kumho Tire* and, therefore, must be excluded.

## CONCLUSION

IT IS THEREFORE ORDERED that Defendant's *Daubert* Motion to Exclude Opinions of Bama Damages Expert Steve Rutherford, CPA [Dkt. No. 105] is GRANTED and Mr. Rutherford's opinions will be excluded for the reasons set forth above.

Dated this 3rd day of October 2025.

JOHN F. HEIL, III
UNITED STATES DISTRICT JUDGE